2003 OK 41

**In the Matter of the REINSTATEMENT of Joel A. HENDERSON, to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.**

**No. SCBD # 4723.**

Supreme Court of Oklahoma.

April 15, 2003.

Joel A. Henderson, Oklahoma City, OK, for Petitioner, pro se.

Loraine Dillinder Farabow, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Respondent.

HODGES, J.

¶ 1 Joel A. Henderson (Petitioner) seeks reinstatement to the Oklahoma Bar Association. The Trial Panel of the Professional Responsibility Tribunal unanimously recommended reinstatement and the Bar Association joins that recommendation. The parties have filed a joint brief in support of reinstatement. Because Petitioner has demonstrated the Rule 11 prerequisites for reinstatement, Okla. Stat. tit. 5, ch. 1, app. 1–A

(2001), by clear and convincing evidence, Petitioner is reinstated effective upon his payment of dues and the costs of this proceeding.

¶ 2 Petitioner was admitted to practice law in Oklahoma in 1983. This Court suspended Petitioner from the practice of law in 1999 for a period of three years in summary disciplinary proceedings pursuant to the reciprocal disciplinary provisions of Rule 7.7. This followed his suspension for three years in Colorado for neglect of matters entrusted to him and for his failure to communicate with clients and inform them of the status of legal matters for which he had been retained. The stipulated neglect for which discipline was imposed resulted from Petitioner's inability to effectively deal with his father's death, his mother's suffering from the onset of dementia, and a bitter divorce. During his suspension, Petitioner has earned a living performing numerous jobs ranging from teaching paralegal classes and performing clerical work for attorneys to delivering newspapers, working for the Census Bureau, working as a security guard, and working at a gym.

■■■■ ¶ 3 In Bar disciplinary proceedings, including reinstatement, this Court exercises original jurisdiction. Reinstatements are decided by application of the *de novo* standard. The burden is on the applicant to demonstrate by clear and convincing evidence that the prerequisites for reinstatement have been met. Okla. Stat. tit. 5, ch. 1, app. 1–A, Rule 11.4 (2001). The factors this Court will consider include:

(1) the present moral fitness of the applicant,

(2) the demonstrated consciousness of the wrongful conduct and disrepute which the conduct has brought the profession,

(3) the extent of applicant's rehabilitation,

(4) the seriousness of the original misconduct,

(5) the conduct subsequent to discipline,

(6) the time that has elapsed since the original discipline,

(7) the applicant's character, maturity, and experience at the time of the discipline, and

(8) the applicant's present competence in legal skills.

*In re Reinstatement of Kamins,* 752 P.2d 1125, 1130 (Okla.1988).

■■■ ¶ 4 At the hearing before the Trial Panel, it was established by clear and convincing evidence that Petitioner is remorseful concerning the conduct which led to his suspension. He has learned from his mistakes and from the simple life he has maintained since his suspension. The stresses involved in the conduct in Colorado for which he was suspended are no longer present in Petitioner's life.

¶ 5 Petitioner has not engaged in the unauthorized practice of law during his suspension. This was established through his employer attorney who testified that he and Petitioner made certain that Petitioner did not hold himself out to be a lawyer while working as a paralegal or investigator. The Chief Investigator for the Bar Association confirmed that there was no indication that Petitioner had engaged in the unauthorized practice of law.

¶ 6 Petitioner has maintained his competence in the legal profession through continuing legal education and by reading the Oklahoma Bar Journal. No funds of the Client Security Fund of the Oklahoma Bar Association have been expended on Petitioner's behalf.

¶ 7 The record demonstrates by clear and convincing evidence that Petitioner has met the requirements for reinstatement. Effective upon the payment of this year's bar dues and $458.94, the costs incurred in this reinstatement proceeding, it is ordered that Petitioner be reinstated to membership in the Oklahoma Bar Association and his name be placed on the Roll of Attorneys licensed to practice law in Oklahoma.

PETITION FOR REINSTATEMENT GRANTED UPON PAYMENT OF DUES AND COSTS.

¶ 8 ALL JUSTICES CONCUR.